UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYITO GUZMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>M JONES, et al.,<br><br>        Defendants. | Case No. 19-cv-03757-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at San Quentin State Prison ("SQSP"), where he was previously housed. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Complaint**

According to the complaint, Plaintiff arrived at SQSP on April 26, 2017, and began working at the Central Health Service Building (Main Hospital) shortly after his arrival. Plaintiff performed well in this job, contributed positively to the hospital operations, and had his position upgraded. Plaintiff was also enrolled in two college programs. On November 1, 2017, the Institutional Classification Committee ("ICC") elected to retain Plaintiff at SQSP and allow him to continue his program. On November 22, 2017, the Unit Classification Committee removed Plaintiff from C/C status because he remained disciplinary free while serving his C/C time. Dkt. No. 1 ("Compl.") at 3.

On or about February 8, 2019, Plaintiff received a vague 128-B chrono that was authored by Lt. D. Dorsey that identified Plaintiff as disrupting the Non-Designated Programming Facility housing at SQSP because Plaintiff was in a position of authority and influence over other inmates to assault other inmates. The chrono concluded that Plaintiff's presence in SQSP's mainline population was no longer appropriate. Dkt. No. 1-3 at 4.

On or about February 9, 2019, Plaintiff was unexpectedly, unjustly, and arbitrarily put up for transfer based on the vague February 8, 2019 chrono. Compl. at 3.

Plaintiff was not afforded due process with respect to the February 8, 2019 128-b chrono in

that he was unable to challenge the chrono. The chrono deprived him of a liberty interest because it effectively removed him from his work assignment and college programming, and transferred him to another prison, and because it will severely affect his ability to obtain parole. Compl. at 3, 6. Plaintiff further alleges that the Rehabilitation Achievement Credit ("RAC") programs offered by CDCR created a liberty interest, and he was deprived of this liberty interest without due process when the vague 128-b chrono was used to justify his transfer. Plaintiff also alleges that his transfer will adversely affect his ability to earn good time credits. Compl. at 6.

Plaintiff alleges that prison officials targeted him and retaliated against him because of his Hispanic ethnicity and because "the region of his commitment offense is in Northern California, which placed him into a political catch 22, created by the administration beyond his control." Compl. at 4.

Plaintiff alleges that the false 128-B chrono and the decision to transfer him away from SQSP, his job and rehabilitative programs violated his rights under the Equal Protection Clause and the Due Process Clause. Compl. at 4-6.

## C. Analysis

The complaint will be dismissed with leave to amend because Plaintiff has failed to link any of the defendants to the constitutional violation. It is unclear how Correctional Counselor Jones, Associate Warden Samara, and Warden Davis were involved in the transfer decision or the issuance of the vague 128-B chrono. Section 1983 liability may be imposed on an individual defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In filing an amended complaint, Plaintiff should name, for each instance of a constitutional violation, each person who violated his constitutional right(s), describe what each person did to violate his right(s), and state where and the violation occurred. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. The Court will not search through the exhibits to determine a defendant's

3

link to the alleged violation.

To assist Plaintiff in preparing the amended complaint, the Court reviews some legal principles that may be relevant to Plaintiff's claims.

**Supervisory Liability.** There is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). To state a claim for relief under Section 1983 against a supervisor defendant, Plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Participation in the Grievance Process.**[1] A prison official's denial of an inmate's grievance generally does not constitute significant participation in an alleged constitutional violation sufficient to give rise to personal liability under Section 1983. *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS, 2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative complaint does not cause or contribute to constitutional

---

[1] The Court notes that, according to the exhibits, Defendant Samara's only involvement with the alleged constitutional violation, i.e. the decision to transfer Plaintiff away from SQSP, was issuing the first level denial of Plaintiff's grievance related to this claim. ECF No. 1-4 at 5, 15-16. Defendant Davis's only involvement appears to be authorizing the second level denial of the grievance. However, according to the second level decision, Officer Bloomfield reviewed and signed the second level denial on behalf of Warden Davis. *Id.* at 19-20.

4

violation). A prisoner has no constitutional right to an effective grievance or appeal procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

**Equal Protection Claim.** In order for a prisoner to challenge his treatment with regard to other prisoners, a prisoner must allege that his treatment is invidiously dissimilar to that received by other inmates. *More v. Farrier*, 984 F.2d 269, 271-72 (8th Cir. 1993) (absent evidence of invidious discrimination, federal courts should defer to judgment of prison officials). The inmate should identify the relevant class of prisoners to which he belongs. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). The class must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified. *Id.* at 1031 (affirming district court's grant of defendants' summary judgment motion because inmate failed to raise triable issue of fact that he was treated differently than any other inmate whom officers did not know were entitled to vegetarian meals). Plaintiff must also allege facts from which discriminatory intent can be reasonably inferred, such as direct evidence of discrimination, statistical evidence showing a discriminatory impact, or other factors that could reveal a discriminatory purpose. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976) (claim of racial discrimination under Equal Protection Clause requires demonstration of discriminatory intent); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1261 (9th Cir. 2016).

**Due Process Claim.** Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause). A non-consensual transfer is not per se violative of either due process or equal protection rights, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred,

1 even if the transfer is for disciplinary reasons or to a considerably less favorable institution, *see*
2 *Montanye v. Haymes*, 427 U.S. 236, 242 (1976).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint addressing the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-03757 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. Plaintiff must address the deficiencies identified above. Failure to file an amended complaint in accordance with this order in the time provided will result in the dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 11/26/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge