UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYITO GUZMAN,<br><br>   Plaintiff,<br><br> v.<br><br>Y. I. SAMARA, et al.,<br><br>   Defendants. | Case No. 19-cv-03757-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND** |

# INTRODUCTION

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at San Quentin State Prison ("SQSP"), where he was previously housed. His amended complaint (Dkt. No. 12) is now before the Court for review under 28 U.S.C. § 1915A.

# DISCUSSION

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Amended Complaint**

The amended complaint alleges that the CDCR's NDPF policy is, in part, an effort to remove all Northern California Hispanic inmates out of the SQSP NDPF population and that as part of that effort, plaintiff was falsely accused of being in a position of authority to order the assault of other inmates so that defendants could transfer him out of SQSP's NPDF to a less favorable prison, i.e. a prison that did not allow him to earn as many good-time credits as he could earn at SQSP.

**Plaintiff's Transfer Away From SQSP**. According to the amended complaint, from his arrival at SQSP on April 26, 2017 until February 8, 2018, plaintiff was housed in the general population Level 2 non-designated enhanced outpatient housing without incident. He was employed at the Central Health Service Building (Main Hospital) and received positive performance reviews, and also enrolled in two college programs. At a November 29, 2017, classification committee removed plaintiff from C/C status, upgraded his job position, and elected to retain him in his current housing. Dkt. No. 12 at 4. On February 8, 2018, named defendant SQSP correctional lieutenant Dorsey authored a memo (CDCR Form 128-B) identifying plaintiff as being in a position of authority in the SQSP NDPF to order the assault of other inmates. The memo concluded that while no rules violation report would be issued, plaintiff was disruptive to

NDPF housing and his presence in the NDPF was no longer appropriate. Dkt. No. 12 at 5. Plaintiff alleges that this memo violated his due process rights because it imposed punishment without making a finding of a guilt in a procedurally proper manner. As a result, plaintiff was ultimately transferred away from SQSP which he claims adversely affected his ability to earn good time credits. Plaintiff names as defendants the individuals involved in approving the transfer and who responded to his requests for information and administrative grievance: officer Boerum who chaired the February 9, 2018 classification committee hearing that approved the transfer based on the clearly false and procedurally inadequate February 8, 2018 Form 128-B; John Doe classification staff representative who, on February 14, 2018, approved the transfer based on the clearly false February 8, 2018 Form 128-B; officer Martin who, on February 18, 2018, informed plaintiff that regardless of plaintiff's efforts, he would be transferred because "it has been decided to get every G.P. Hispanic with [Security Threat Group] connection of any type out of here even if he is paisa" and who, on March 8, 2018, interviewed him with respect to his administrative grievance regarding the transfer; SQSP associate warden Samara who, on March 21, 2018, denied his administrative grievance at the first level; officer Nguyen who, on July 5, 2018, interviewed him with respect to his administrative grievance regarding the transfer; SQSP warden Davis and SQSP chief deputy warden Bloomfield who, on July 5, 2018, denied his administrative grievance at the second level; and appeals examiner Hemenway and chief Voong who, on November 19, 2018, denied his administrative grievance at the third level. Plaintiff alleges that these actions violated the Due Process Clause because removing plaintiff from his established program adversely affected his ability to continue earning good time credits in which he has a liberty interest and violated the Equal Protection Clause because defendants singled out plaintiff and his class of inmates (general population ("GP") Hispanic inmates with STG connections); and that defendants are liable in their supervisory capacity because they knew of the alleged misconduct and failed to act to prevent the misconduct; and that defendants conspired with each other to deprive this class of persons of equal protection of the law. *See generally* Dkt. No. 12 at 4-16.

**Implementation of the CDCR's NDPF policy.** The amended complaint alleges that on November 30, 2017, defendants Kathleen Allison, director of the division of adult institutions, and

3

1    Katherine Tebrock, deputy director of the statewide mental health program, approved and put into
2    effect an initiative whereby statewide non-designated outpatient and inpatient programs were
3    converted to NDPFs.  Plaintiff alleges that this initiative singled out, targeted, and removed all
4    SQSP GP Hispanics who had any connection to STGs from SQSP and did not allow them
5    placement in any NDPFs and instead placed them in higher level facilities, thereby denying this
6    class of inmates the benefits of being housed in lower-level facilities.  *See generally* Dkt. No. 12 at
7    16-17.  Plaintiff repeats the same legal causes of action with respect to defendants Alison and
8    Tebrock's implementation of his initiative, alleging that these actions violated the Due Process
9    Clause because removing plaintiff from his established program adversely affected his ability to
10   continue earning good time credits in which he has a liberty interest and violated the Equal
11   Protection Clause because defendants singled out plaintiff and his class of inmates (GP Hispanic
12   inmates with STG connections); and that defendants are liable in their supervisory capacity
13   because they knew of the alleged misconduct and failed to act to prevent the misconduct; and that
14   defendants conspired with each other to deprive this class of persons of equal protection of the
15   law.

**C.    Analysis**

   **1.    Defendants Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong**

19   Defendants Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong's only
20   participation in the alleged constitutional violations was their processing of plaintiff's grievance
21   regarding the relevant events.  A prisoner has no constitutional right to an effective grievance or
22   appeal procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that
23   prisoner has no constitutional right to effective grievance or appeal procedure); *Mann v. Adams*,
24   855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance
25   procedure.").  A prison official's denial of an inmate's grievance generally does not constitute
26   significant participation in an alleged constitutional violation sufficient to give rise to personal
27   liability under Section 1983.  *See, e.g., Wilson v. Woodford*, No. 1:05–cv–00560–OWW–SMS,
28   2009 WL 839921, at *6 (E.D. Cal. Mar. 30, 2009) (ruling against prisoner on administrative

United States District Court
Northern District of California

1  complaint does not cause or contribute to constitutional violation). Accordingly, the claims
2  against defendants Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong are
3  DISMISSED with prejudice because amendment would be futile, and defendants Martin, Samara,
4  Nguyen, Davis, Bloomfield, Hemenway, and Voong are DISMISSED from this action. *Ramirez*,
5  334 F.3d at 861 ("Leave to amend should be granted unless the pleading could not possibly be
6  cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.")
7  (citation and internal quotation marks omitted).

### 2. Defendants Dorsey and Boerum

The amended complaint alleges that defendants Dorsey and Boerum participated in the alleged constitutional violations as follows. Defendant Dorsey authored the allegedly false Form 128-B that resulted in plaintiff being found unsuitable for NDPF housing and in plaintiff being transferred away from SQSP; and defendant Boerum chaired the classification committee that approved plaintiff's transfer out of SQSP NDPF, rely on the Form 128-B authored by defendant Dorsey which defendant Boerum knew to be false and unconstitutional. Plaintiff alleges that these actions (1) violated the Due Process Clause because the Form 128-B constituted punishment without providing plaintiff with the proper procedural due process safeguards and because removing plaintiff from his established program adversely affected his ability to continue earning good time credits in which he has a liberty interest; (2) violated the Equal Protection Clause because defendants singled out plaintiff and his class of inmates (GP Hispanic inmates with STG connections); and (3) these defendants conspired to violate his rights under the Due Process Clause and the Equal Protection Clause.

The amended complaint fails to state a cognizable due process claim against defendants Dorsey and Boerum because prisoners have no constitutional right to incarceration in a particular institution, *see Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976), even if the transfer is for disciplinary reasons or to a considerably less favorable institution, *see Montanye v. Haymes*, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause . . . does not require

hearings in connection with transfers whether or not they . . . may be labeled as disciplinary or punitive."). A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause). Because there is no constitutional right to incarceration in a particular institution, procedural safeguards are not required before the issuance of a CDC Form 128-B that results in an adverse prison transfer. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("those who seek to invoke [the Due Process Clause's] procedural protection must establish that [a liberty] interest[] is at stake"). The due process claim against defendants Dorsey and Boerum is DISMISSED with prejudice because it does not appear curable by amendment. *Ramirez*, 334 F.3d at 861.

Plaintiff's conclusion, based on defendant Martin's statement, that defendants Dorsey and Boerum facilitated or approved his transfer away from SQSP's NDPF as part of an effort to remove Northern California Hispanic inmates from SQSP's NDPF states a cognizable equal protection claim and a cognizable conspiracy claim. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) ("Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race.") (internal quotation marks and citation omitted); *Gilbrook v. City of Westminster*, 177 F.3d 839, 856 (9th Cir. 1999) (civil conspiracy is combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which results in damage; each participant in the conspiracy need not know exact details of the plan, but each participant must at least share the common objective of the conspiracy); *id.* at 856-57 (defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions).

### 3. Defendants Allison and Tebrock

Plaintiff alleges that defendants Allison and Tebrock implemented a statewide initiative that converted non-designated outpatient and inpatient programs to NDPFs and that this initiative

targeted all SQSP GP Hispanic inmates who had any connection to STGs by removing them from SQSP and by denying them NDPF placements which resulted in their placement in higher level facilities. *See generally* Dkt. No. 12 at 16-17. Plaintiff alleges that these actions (1) violated the Due Process Clause because removing plaintiff from his established program adversely affected his ability to continue earning good time credits in which he has a liberty interest; (2) violated the Equal Protection Clause because defendants singled out GP Hispanic inmates with STG connections, including plaintiff; and (3) that defendants conspired with each other to deprive GP Hispanic inmates with STG connections of their rights under the Equal Protection Clause.

These allegations fail to state a cognizable due process claim because, as discussed *supra*, prisoners have no constitutional right to incarceration in a particular institution, even if the transfer is to a considerably less favorable institution.

These allegations also fail to establish a cognizable equal protection claim. A claim of racial discrimination under the Equal Protection Clause requires demonstration of discriminatory intent. *Washington v. Davis*, 426 U.S. 229, 239-40 (1976). In determining whether a discriminatory intent or purpose exists, the court "may consider direct evidence of discrimination, statistical evidence showing a discriminatory impact, or other factors that could reveal a discriminatory purpose, like the historical background of the policy." *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1261 (9th Cir. 2016). Here, plaintiff's conclusory allegation that defendants Allison and Tebrock implemented a statewide policy to target SQSP GP Hispanic inmates fails to proffer enough facts to plausibly allege discriminatory intent or purpose. Plaintiff alleges that (1) defendant Martin stated that there was an intent to transfer out of SQSP all SQSP GP Hispanic inmates with any kind of STG connection and (2) plaintiff was transferred under false pretenses plausibly alleges that SQSP officials had discriminatory intent towards a certain subset of SQSP GP Hispanic inmates, but does not make any plausible allegations about defendants Allison and Tebrock's intent or purpose in implementing a statewide initiative to convert certain programs to NDPFs. Because plaintiff has failed to state a cognizable constitutional claim against defendants Allison and Tebrock, he has also failed to state a cognizable conspiracy claim against them. Conspiracy is not itself a constitutional tort under 42

U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.*

The Court GRANTS plaintiff leave to amend his equal protection and conspiracy claims against defendants Allison and Tebrock, if plaintiff believes he can truthfully allege facts that would state plausible equal protection and conspiracy claims. *Ramirez*, 334 F.3d at 861.

### 4. Defendant John Doe CSR

The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of an alleged defendant cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover his or her identity or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642. Accordingly, defendant John Doe CSR is DISMISSED from this action without prejudice. Should plaintiff learn the identity of defendant John Doe CSR through discovery, he may move to file an amended complaint to add him as a named defendant.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The amended complaint states cognizable equal protection and conspiracy claims against defendants Dorsey and Boerum. The equal protection claim and conspiracy claim against defendants Allison and Tebrock are DISMISSED with leave to amend. Defendant John Doe CSR is dismissed from this action without prejudice. The due process claims are DISMISSED with prejudice. Defendants Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong are DISMISSED from this action with prejudice.

2. If plaintiff wishes to file a second amended complaint, he must do so within **twenty-eight (28) days** of the date of this order. The second amended complaint must include the caption and civil case number used in this order, Case No. C 19-03757 HSG (PR) and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, plaintiff must answer all the questions on the form in order for the action to proceed. Because an

8

amended complaint completely replaces the previous complaints, plaintiff must include in his second amended complaint all the claims he wishes to present, including the claims found cognizable above, and all of the defendants he wishes to sue, including the defendants ordered served below. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. **Failure to file a second amended complaint in accordance with this order in the time provided will result in the amended complaint (Dkt. No. 12) remaining the operative complaint and the action proceeding solely on the claims found cognizable above.** The Clerk shall include two copies of the court's complaint form with a copy of this order to plaintiff.

3. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint with all attachments thereto (Dkt. No. 12), and a copy of this order upon **defendants D. Dorsey and T. Boerum at San Quentin State Prison, Main Street, San Quentin, CA 94964**. A courtesy copy of the amended complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than 91 days from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment

provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      5.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendant in his motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

6. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

8. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 7/2/2020

HAYWOOD S. GILLIAM, JR.
United States District Judge

11