UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYITO GUZMAN,<br><br>        Plaintiff,<br><br>v.<br><br>D. DORSEY, et al.,<br><br>        Defendants. | Case No. 19-cv-03757-HSG<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT; GRANTING DEFENDANTS' REQUEST FOR SCREENING**<br><br>Re: Dkt. Nos. 21, 22 |

**INTRODUCTION**

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at San Quentin State Prison ("SQSP"), where he was previously housed. His second amended complaint (Dkt. No. 21) is now before the Court for review under 28 U.S.C. § 1915A.[1]

**DISCUSSION**

**A.  Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police*

---

[1] The Court GRANTS Defendants' request that (1) the Court screen the second amended complaint pursuant to 28 U.S.C. § 1915A(a) and (2) the Court reset the deadline for filing a dispositive motion to at least 30 days after issuing the screening order. Dkt. No. 22.

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Procedural History**

In the amended complaint, Plaintiff made the following allegations. CDCR director Allison and CDCR deputy director Tebrock implemented a Non-Designated Programming Facility ("NDPF") policy that was, in part, an effort to remove all Northern California Hispanic inmates from San Quentin State Prison's NPDF population. To further this objective, SQSP Lt. Dorsey authored a CDCR Form 128-B wherein he falsely accused Plaintiff of being in a position of authority to order the assault of other inmates. Despite this Form 128 being clearly false and procedurally inadequate, SQSP officer Boerum relied on this Form 128 to approve Plaintiff's transfer away from SQSP to a higher-level prison where Plaintiff was unable to earn the same amount of good-time credits as he could at SQSP. Plaintiff filed a grievance regarding these events and CDCR officials Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong denied this grievance at various levels. ECF Nos. 12, 13.

The Court screened the amended complaint and found that the amended complaint stated cognizable equal protection and conspiracy claims against defendants Dorsey and Boerum. The

2

1    Court dismissed the equal protection and conspiracy claims against defendants Allison and
2    Tebrock with leave to amend; dismissed defendant John Doe CSR without prejudice to filing an
3    amended complaint naming this individual after Plaintiff determined the identity of the John Doe
4    defendant; and dismissed with prejudice the due process claims and defendants Martin, Samara,
5    Nguyen, Davis, Bloomfield, Hemenway, and Voong for failure to state a claim.  Dkt. No. 13.

**C.    Second Amended Complaint**

The second amended complaint (Dkt. No. 21) is identical to the amended complaint (Dkt. No. 21), except in two significant aspects.  First, the second amended complaint does not name Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong as defendants.  The second amended complaint does retain the allegations against these individuals.  Second, the second amended complaint provides more detailed allegations regarding defendants Allison and Tebrock's alleged violations of Plaintiff's civil rights.  Dkt. No. 21 at 18-23.

According to the second amended complaint, the NDPF policy authored by defendants Allison and Tebrock has resulted in unsafe conditions for general population ("GP") inmates, such as Plaintiff, because they are now forced to house with Sensitive Needs Yard ("SNY") inmates, who were originally housed separately from GP inmates due to safety concerns.  The second amended complaint alleges that, because defendants Allison and Tebrock are aware of, or should have been aware of, the danger that the NDPF policy posed to GP inmates, their implementation of the NDPF policy constituted deliberate indifference to the safety of GP inmates, inflicted cruel and unusual punishment on GP inmates, and discriminated against GP inmates.  The second amended complaint further alleges that the implementation of the NDPF policy deprived Plaintiff of due process because placement in an NDPF facility has reduced his ability to earn good-time credits, thereby affecting the duration of his confinement.  The second amended complaint also alleges that because the NDPF policy clearly places GP inmates in danger, it is clearly retaliation against the inmates who participated in hunger strikes in 2011 to protest the treatment of inmates housed in Segregated Housing Units ("SHU").  Finally, the second amended complaint alleges that defendants Allison and Tebrock conspired with the other defendants to deprive him of equal protection of the law.  Dkt. No. 21 at 18-23.  The second amended complaint no longer alleges

1 that the NDPF policy is intended to discriminate against Northern California Hispanic inmates
2 housed at SQSP during the relevant time period.

**C. Analysis**

**1. Claims Previously Found Cognizable**

The second amended complaint repeats the same claims against defendants Dorsey and Boerum as made in the amended complaint. In accordance with the Court's order screening the amended complaint, the Court finds that the second amended complaint again states cognizable equal protection and conspiracy claims against defendants Dorsey and Boerum. *See* Dkt. No. 13 at 5-6.

**2. Defendants and Claims Previously Dismissed with Prejudice**

The Court will not consider again the claims against Martin, Samara, Nguyen, Davis, Bloomfield, Hemenway, and Voong, or consider the due process claims against any of the named defendants. Those defendants and claims have been dismissed with prejudice for the reasons set forth in the Court's July 2, 2020 order screening the amended complaint (Dkt. No. 13).

**3. Defendant "Unknown, Classification Staff Representative at Unknown"**

Plaintiff has again named an unknown classification staff representative ("CSR"), which the Court refers to as John Doe CSR. The Court previously dismissed John Doe CSR without prejudice to filing an amended complaint naming this individual after the individual's identity is determined. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. Accordingly, the Court again DISMISSES without prejudice defendant John Doe CSR. Should Plaintiff learn the identity of defendant John Doe CSR through discovery, he may move to file a third amended complaint to add him as a named defendant.

//

4

#### 4. Allegations against Defendants Allison and Tebrock

The Court finds that the second amended complaint has failed to plead cognizable equal protection or conspiracy claims against defendants Allison and Tebrock. The amended complaint alleged that the NDPF policy discriminated against SQSP GP Hispanic inmates. The Court found that this conclusory allegation failed to proffer enough facts to plausibly allege discriminatory intent on the part of defendants Allison and Tebrock in authoring and implementing an NDPF policy. The second amended complaint alleges that Plaintiff and his "class of inmates" have been denied equal protection because the NDPF policy adversely impacts the safety of GP inmates and the ability of GP inmates to earn good-time credits. These allegations also fail to establish a cognizable equal protection claim.

A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013). Being in the general population is not a protected class.

A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on "class of one" claim must allege facts from which it can be reasonably inferred that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)). Here, Plaintiff was treated the same as other similarly situated persons, i.e. the other general population inmates.

The second amended complaint fails to state a cognizable equal protection claim against defendants Allison and Tebrock. The NDPF policy did not target Plaintiff because of his membership in a protected class; nor did the policy treat him differently from other similarly situated persons. Plaintiff has been given multiple opportunities to amend his equal protection claim against defendants Allison and Tebrock, and has been unable to correct this deficiency. The

5

1  equal protection claim against defendants Allison and Tebrock is therefore DISMISSED with
2  prejudice. *See also Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073, 1084 (9th Cir. 2000)
3  (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in
4  complaint, where court had afforded plaintiff opportunities to do so, and had discussed with
5  plaintiff the substantive problems with his claims), *amended by* 234 F.3d 428, *overruled on other*
6  *grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007); *Plumeau v. Sch. Dist. #*
7  *40 Cnty. of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate
8  where further amendment would be futile).

9  Because Plaintiff has failed to state a cognizable constitutional claim against defendants
10 Allison and Tebrock, he has also failed to state a cognizable conspiracy claim against them.
11 Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*,
12 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted
13 by the plaintiff, as there must always be an underlying constitutional violation. *Id.* The
14 conspiracy claim is DISMISSED with prejudice because Plaintiff has been afforded multiple
15 opportunities to plead cognizable claims against defendants Allison and Tebrock, and has been
16 unable to do so.

17 There are no claims remaining against defendants Allison and Tebrock. Defendants
18 Allison and Tebrock are DISMISSED from this action with prejudice.

19 **CONCLUSION**

20 For the foregoing reasons, the Court orders as follows.

21 1.    The Court GRANTS Defendants' request that the Court screen the second amended
22 complaint pursuant to 28 U.S.C. § 1915A(a) and the Court reset the deadline for filing a
23 dispositive motion to at least thirty days after issuing the screening order. Dkt. No. 22.

24 2.    The equal protection and conspiracy claims against defendants Allison and Tebrock
25 are DISMISSED from this action with prejudice. Defendants Allison and Tebrock are
26 DISMISSED from this action with prejudice.

27 3.    Defendant John Doe CSR is DISMISSED from this action without prejudice.

28 4.    The second amended complaint states cognizable equal protection and conspiracy

6

claims against defendants Dorsey and Boerum.

5. The Court resets the briefing schedule as follows. No later than 91 days from the date this Order is filed, Defendants must file and serve a motion for summary judgment or other dispositive motion. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates Dkt. No. 22.

**IT IS SO ORDERED.**

Dated: 1/11/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge