UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYITO GUZMAN,<br><br>    Plaintiff,<br><br>v.<br><br>D. DORSEY, et al.,<br><br>    Defendants. | Case No. 19-cv-03757-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL; GRANTING REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiff, an inmate at California State Prison – Solano, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding events at San Quentin State Prison ("SQSP"), where he was previously housed. Now pending before the Court are Plaintiff's request for appointment of counsel (Dkt. No. 26) and the parties' request for an extension of time for filing a dispositive motion (Dkt. No. 25).

**DISCUSSION**

**I.      Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint him counsel because he is unable to afford counsel; he has been granted leave to proceed *in forma pauperis*; his incarceration greatly limits his ability to litigate; he has limited knowledge of the law; he has limited access to the law library, compounded by COVId-19 restrictions; the issues at this stage require significant legal knowledge, research and investigation; counsel would enable Plaintiff to conduct and comply with discovery, and to meet and confer to resolve discovery disputes; and Plaintiff has made efforts to obtain a lawyer without success.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear, Plaintiff has thus far sufficiently articulated his claims *pro se*, the issues do not appear to be unduly complex, and there is no indication that discovery in this action is so complex as to require appointment of counsel. Plaintiff's request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require. Dkt. No. 26.

## II. Request for Extension of Time to File Dispositive Motion

The parties have requested that the Court reset the dispositive motion deadline for sixty (60) days after the Court issues its ruling on Plaintiff's request for appointment of counsel. Good cause being shown, the parties' request is GRANTED. Dkt. No. 25. Within sixty (60) days of the date of this order, Defendants shall file their dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed. Defendants shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's request for appointment of counsel (Dkt. No. 26), and GRANTS the parties' request for an extension of time to file their dispositive motion (Dkt. No. 25). Within sixty (60) days of the date of this order, Defendants shall file their dispositive motion. Plaintiff's opposition to the dispositive motion must be filed with the Court and served upon Defendants no later than 28 days from the date the motion is filed.

Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

This order terminates Dkt. Nos. 25 and 26.

**IT IS SO ORDERED.**

Dated:  3/25/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge