UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYITO GUZMAN,<br>　　　　Plaintiff,<br>　　v.<br>D. DORSEY, et al.,<br>　　　　Defendants. | Case No. 19-cv-03757-HSG<br>**ORDER GRANTING MOTION TO COMPEL DEPOSITION AND TO MODIFY SCHEDULING ORDER; DENYING REQUEST FOR SANCTIONS**<br>Re: Dkt. No. 28 |

Plaintiff, an inmate at California State Prison – Solano, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that San Quentin State Prison ("SQSP") officers Dorsey and Boerum violated his due process and equal protection rights when they transferred him away from SQSP in February 2018. Dkt. Nos. 21, 24. For the reasons set forth below, the Court GRANTS Defendants' request to compel Plaintiff to sit for and meaningfully participate in his deposition, GRANTS Defendants' request to modify the briefing schedule, and DENIES the request for sanctions. Dkt. No. 28.

**DISCUSSION**

**I.　Background**

Plaintiff commenced this action on or about June 27, 2019. Dkt. No. 1.

On July 2, 2020, the Court screened the first amended complaint and ordered service on defendants Dorsey and Boerum, informed the parties that they could conduct discovery, and informed Plaintiff that he was responsible for prosecuting the case. Dkt. No. 13. The second amended complaint, which is the operative complaint, was screened on January 11, 2021, and the Court reset the briefing schedule at that time, ordering Defendants to file a dispositive motion by April 12, 2021. Dkt. No. 24.

1    On March 5, 2021, counsel for Defendants, Deputy Attorney General Niello, noticed Plaintiff's video deposition for March 18, 2021. Dkt. No. 28-2 at 2, 5-6. When Plaintiff appeared at the video deposition, he informed DAG Niello that he had recently filed a motion for appointment of counsel and requested that the deposition be postponed until the Court decided the motion.

On March 25, 2021, the Court denied Plaintiff's request for appointment of counsel; granted Defendants' request to reset the briefing schedule, and ordered Defendants to file their dispositive motion by May 24, 2021. Dkt. No. 27.

On April 15, 2021, DAG Niello noticed Plaintiff's video deposition for April 30, 2021. Dkt. No. 28-2 at 2, 9-10. Plaintiff did not object to having his deposition taken. When Plaintiff appeared at the video deposition, Plaintiff stated that he was not prepared and repeatedly refused to take an oath or to submit to any questions. Plaintiff informed DAG Niello that while he had received the April 15, 2021 notice of deposition, he had not yet received any court order regarding his request for appointment of counsel. DAG Niello showed Plaintiff a copy of the Court's order denying counsel, but Plaintiff still refused to participate in the deposition and refused to be sworn in, saying that he was not prepared. DAG Niello suspended the deposition because Plaintiff refused to participate. Dkt. No. 28-2 at 2-3.

## II. Request to Compel Plaintiff to Sit and Participate in Deposition, to Reset Briefing Schedule and for Sanctions

Defendants request that Plaintiff be compelled to sit for and meaningfully participate in his deposition, to modify the briefing schedule so that a dispositive motion is due 60 days after Plaintiff's deposition is completed, and for the Court to order Plaintiff to pay $275 in sanctions because Plaintiff's refusal to participate in his deposition was not substantially justified. Dkt. No. 28.

The Court GRANTS Defendants' request that Plaintiff be compelled to sit for and meaningfully participate in his deposition. The Federal Rules of Civil Procedure allow Defendants to depose Plaintiff. *See generally* Fed. R. Civ. P. 26, 30. Plaintiff has a duty to engage in pre-trial discovery in good faith and in accordance with the spirit of the Federal Rules of

Civil Procedure, which allow the parties to obtain discovery regarding any matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26 Advisory Committee Notes (1983 Amendment) ("Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37.").

The Court also GRANTS Defendants' request to modify the briefing schedule so that a dispositive motion is due 60 days after Plaintiff's deposition is completed. Defendants shall file their dispositive motion sixty (60) days after Plaintiff's deposition is completed. After re-noticing Plaintiff's deposition, Defendants shall file a courtesy copy of the deposition notice with the Court so that the Court may set the appropriate briefing schedule.

The Court DENIES Defendants' request that the Court impose sanctions upon Plaintiff, in the amount of the costs incurred, for his refusal to participate in his deposition.

Fed. R. Civ. P. 37(b)(2) also allows a court to impose sanctions against a party who "fails to obey an order to provide or permit discovery," including order the payment of reasonable expenses caused by the failure, "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(A), (C). "'It is well established that district courts have inherent power to control their docket[s].'" *Ready Transp., Inc. v. AAR Mfg.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). That power includes sanctions and "permit[s] a district court to go as far as to dismiss entire actions to rein in abusive conduct." *Ready Transp.*, 627 F.3d at 404 (citing *Atchison*, 146 F.3d at 1074). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

The Court finds it unlikely that Plaintiff's refusal to participate in his deposition was "substantially justified." Plaintiff had nearly two months to prepare for his deposition and he did not object to the deposition notice. But it is unclear that monetary sanctions would be just. The Court is mindful of Plaintiff's *pro se* status. The Court will not impose sanctions on Plaintiff at

this time, but will strongly consider imposing sanctions in the future if Plaintiff continues to refuse to participate in discovery in good faith.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court GRANTS Defendants' request that Plaintiff be compelled to sit for and meaningfully participate in his deposition.

2. The Court GRANTS Defendants' request to modify the briefing schedule so that a dispositive motion is due 60 days after Plaintiff's deposition is completed. Defendants shall file their dispositive motion sixty (60) days after Plaintiff's deposition is completed. After re-noticing Plaintiff's deposition, Defendants shall file a courtesy copy of the deposition notice with the Court so that the Court may set the appropriate briefing schedule.

3. The Court DENIES Defendants' request that the Court impose sanctions upon Plaintiff, in the amount of the costs incurred, for his refusal to participate in his deposition.

4. Defendants are ordered to file a courtesy copy of the deposition notice with the Court so that the Court may set a revised briefing schedule according to this order.

This order terminates Dkt. No. 28.

**IT IS SO ORDERED.**

Dated: 6/7/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge